IN THE UNITED STATES DISTRICT COURT OF MONTGOMERY, ALABAMA

CASE NO. 2:07 CV 375-WHA
BY CLERK

RECEIVED
2007 MAY -2 A 9:27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Leander Calhoun # 198389

PETITIONER

VS,

WARDEN GARY COPES
L.C.S. Corr, Service, Inc.
South Louisiana Corr, Center
3843 Stagg Avenue
Basile Louisiana 70515

GOVERNOR, BOB RILEY
State Captial House
600 Dexter Avenue
Montgomery, Alabama 36130

RICHARD F, ALLEN COMMISSIONER
Alabama Department of Corrections
1400 Lloyd Street
Montgomery, Alabama 36107

ATTORNEY GENERAL OFFICE- TROY KING
State of Alabama
11- South Union Street
Montgomery, Alabama 36130-0152

Respondent's

LEANDER CALHOUN 198389-BEAR CAT-4-BD-34
SOUTH LOUISIANA CORRECTION CENTER
3843 STAGG AVENUE
BASILE, LOUISIANA, 70515

IN THE UNITED STATES DISTRICT COURT OF MONTGOMERY, ALABAMA

CASE NO: 2:07cv375-WHA

RECEIVED 2007 MAY -2 A 9:27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Leander Calhoun # 198389

PETITIONER,

VS,

Warden, Gary Cope, L.C.S. Corr. Service Inc.
Governor, Boby Riley, State Captial House
Richard F. Allen, Commissioner A.D.O.C.
Attorney General Office - Troy King

RESPONDENTS,

## PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW THE PETITIONER, LEANDER CALHOUN PRO-SE AND MOVES THIS HONORABLE COURT TO GRANT THIS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U,S,C, 1651 (A) 2241 and 2242, AND THE PETITIONER SHOWS THE FOLLOWING IN SUPPORT THEREFORE,

### FACTS

THE PETITIONER WAS "SURRENDER" BY THE STATE OF ALABAMA AND IS NOW BEING ILLEGALLY HELD AND CONFINED BY WARDEN GARY COPES, AT SOUTH LOUISIANA CORRECTIONAL CENTER 3843 STAGG AVENUE BASILE LOUISIANA L.C.S. CORRECTIONAL SERVICE. INC,
THE CONFINEMENT VIOLATES LOUISIANA STATUTE 15-709 (C).

### JURISDICTION AND VENUE

THIS HONORABLE COURT HAS JURISDICTION AND VENUE PURSUANT TO 28 U,S,C 1651 (a) 2241 and 2242.

GROUND I

THE PETITIONER IS BEING HELD UNLAWFULLY IN VIOLATION OF THE EIGHT AMENDMENT OF THE UNITED STATES CONSTITUTION BECAUSE HIS SENTENCE HAS EXPIRED.

FACTS

THE PETITIONER WAS SENTENCE TO A TERM OF **20 years**, ON THE **30th** DAY OF **April**, **1998**. THE PETITIONER RECEIVED A PARDON FROM THE ALABAMA DEPARTMENT OF CORRECTIONS AND THE GOVERNOR OF ALABAMA ON THE **16th** DAY OF **Feb,** 2006. BECAUSE HE WAS SURRENDER TO SOUTH LOUISIANA CORRECTIONAL CENTER IN BASILE, LOUISIANA WITHOUT HAVING SIGNED A WAIVER OF EXTRADITION ALSO WITHOUT ANY DETAINER HAVING BEEN LODGED AGAINST HIM, AND SUCH SURRENDER TO ANOTHER STATE WHILE THE PRISONERS IS SERVING A SENTENCE IS EQUIVALENT TO A "PARDON" SEE SHIELDS V, BETO,370, F,2d,1003, (5th cir,1976), UNITED STATES EX REL TYLER V, HENDERSO 453 F,2d. (5th cir,1971). THOMPSON V, BANNAN, 298 F,2d 611 (6th cir,) RE JONES 154 KAN 589.121 P.2d 219. AND EXPARTE GUY 41 OKL,I, 269, AND THE DECISION OF THE FIFTH CIRCUIT BEFORE SEPTEMBE R 30, 1981 ARE BINDING UPON THIS COURT SEE BONNER V, CITY OF PRITCHARD, 661 F,2d 1206 (11th cir,1981) BECAUSE NO DETAINER WERE LODGED AGAINST THE PETITIONER, AND NO WAIVER OF EXTRADITION HAS BEEN SIGNED, THE SURRENDER OF THE PETITIONER BEFORE THE EXPIRATION OF HIS ALABAMA SENTENCE HAS RESULTED IN A PARDON ENDING HIS SENTENCE.

IN THE UNITED STATES DISTRICT COURT OF MONTGOMERY, ALABAMA

LEANDER CALHOUN

   PETITIONER,

VS,

WARDEN, GARY COPE

GOVERNOR, BOB RILEY

RICHARD F, ALLEN

ATTORNEY GENERAL OFFICE

TROY KING

   DEFENDANT'S et,al

CASE NO: 2.07CV375-WHA

## DECLARATION

THE PETITIONER LEANDER CALHOUN #198389 IS IN THE CUSTODY OF AND CARE OF WARDEN GARY COPE AT L,C,S, CORRECTIONS SERVICES INC, AT SOUTH LOUISIANA CORRECTIONAL CENTER 3843 STAGG AVENUE BASILE, LOUISIANA 70515.

I LEANDER CALHOUN #198389, HAVE PERSONAL KNOWLEDGE OF THE FOLLOWING I"AM OVER THE AGE OF 21 THAT I WAS SURRENDER TO THE CUSTODY OF WARDEN GARY COPE AND I"AM ILLEGALLY CONFINED AT SOUTH LOUISIANA CORRECTIONS CENTER IN BASILE, LOUISIANA 3843 STAGG AVENUE 70515, MY SURRENDER BY THE STATE OF ALABAMA TO THE CUSTODY OF WARDEN GARY COPE ON THE 16th DAY OF FEB, 2006 RESULTED IN A PARDON AND END OF SENTENCE AS A VIOLATION OF LOUISIANA STATE TITILE 15 SECTION 709 (C), I DECLARE UNDER THE PENTALY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATE 04 / 30   2007.

*Leander Calhoun*
LEANDER CALHOUN 198389

THE PETITIONER CITED AUTHORITY HUGES V, WHITE, IN WHICH AN ALABAMA INMATE WAS TRANSFERRED TO ORGEN AND THE ALABAMA DEPT, OF CORR, HAD TO TERMINATE HIS SENTENCE IN ORDER FOR THE INMATE TO CROSS THE STATE OF ALABAMA BORDER, EFFECTIVELY TERMINED HIS SENTENCE, THE PETITIONER ASSERTS THAT PURSUANT TO ALABAMA CASE LAW HE CANNOT POSSIBLE BE SERVING HIS ALABAMA SENTENCE IN LOUISIANA, SEE BOUTWELL V, NAGLE, 861 F,2d 1530 (CA,11,1988). IN WHICH THE COURT HELD BY IMPLICATION, THE ALABAMA LEGISLATURE DOES NOT INTEND TO CREDIT TIME SPENT IN PRISON OUTSIDE THE STATE 861 F,2d AT 1532, THEREFORE, IT IS IMPOSSIBLE FOR THE PETITIONER TO BE SERVING HIS ALABAMA SENTENCE IN THE STATE OF LOUISIANA MOREEVER, THE TRANSFERRING OF THE PETITIONER TO LOUISIANA TO SERVE HIS ALABAMA SENTENCE IS A VIOLATION OF ARTICLE 1, 30, OF THE ALABAMA CONSTITUTION WHICH PROVIDE, INTER ALIA, THAT NO CITZEN SHALL BE EXILED, IN ESSENCE THE PETITIONER WAS BANISHED SEE WARREN V, STATE 706, so,2d 1316,1317, (ALA, CRIM, APP,1997), BROWN V, STATE 660 so,2d 235 (ALA, CR, APP,1995).

THE COURT ALSO STATED THAT IT WAS NOT FACTUALLY POSSIBLE FOR THE PETITIONER TO HAVE SERVED A 20 YEARS SENTENCE IN 8 AND HALF YEARS, HOWEVER, THIS IS ALSO INCORRECT. SINCE THE PETITIONER WAS BANISHED FROM THE STATE OF ALABAMA HIS ALABAMA SENTENCE ENDED AT THAT POINT IF THIS COURT RULES THAT HE IS SERVING HIS ALABAMA SENTENCE IN THE STATE OF LOUISIANA, THEN THE SENTENCE BECOME ILLEGAL.

(A) PURSUANT TO CASE LAW IN NAGLE SUPRA, THE PETITIONER CANNOT LEGALLY GET TIME CREDITED FOR THE TIME SPENT IN PRISON OUTSIDE THE STATE OF ALABAMA, (B) THE ALABAMA DEPARTMENT OF CORRECTION EXCEEDED THE POWER, VESTED IN IT BY STATE STATUE, BY USURPING THE ROLE OF THE JUDICIANY BY IMPOSING AND ADDITIONAL PUNISHMENT NOT AUTHORIZED BY STATUTE, BY BANISHING THE PETITIONER FROM THE STATE OF ALABAMA, SEE FERGUSON V, STATE 565 so,2d 1172, 1173, ALA, CRIM, APP, 1990), HOLDING THAT AN ILLEGAL SENTENCE IS UNFORCEABLE, VOID, AND BEYOND THE JURISDICTION OF THE COURT, FURTHEREMORE THE STATE OF ALABAMA WAIVED ITS JURISDICTION OVER THE PETITIONER BY THE ACTION OF ITS AGENCY, THE ALABAMA DEPT, OF CORRECTIONS, WHEN IT ENTERED INTO A UNCONSTITUTIONAL CONTRACT WITH L.C.S. CORRECTION SERVICE, INC, TO TRANSPORT AND TO HAVE CUSTODY OF THE PETITIONER, THE ALABAMA DEPARTMENT OF CORRECTION NO LONGER HAS CUSTODY OF THE PETITIONER SEE SHIELDS V, BETO, 370 F,2d 1003, (1967) CA, 5th cir, "THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT REQUIRES THAT ACTION BY A STATE THROUGH ANY OF ITS AGENCIES MUST BE CONSISTENT WITH THE FUNDAMENTAL PRINCIPLES OF LIBERTY AND JUSTICE" QUOTING BUCHALTER V, PEOPLE OF THE STATE OF NEW YORK 319, u,s, 427,63, s,ct 1129,87 L.ed 1492 (1943), IT EXACT FROM THE STATE A CONCEPTION OF FUNDAMENTAL JUSTICE, QUOTING FOSTER V, PEOPLE OF THE STATE OF ILLINOIS, 332,u,s, 134, 67, s,ct,1716, 91 L.ed 1995) (1947). IN THE INSTANT CASE, AS IN SHIELD SUPRA THE TRANSFERRING OF THE PETITIONER TO A PRIVATE PRISON OUTSIDE THE STATE OF ALABAMA RESULTED IN A WAIVER OF JURISDICTION OVER THE PETITIONER AND THE CONDUCT OF THE STATE OFFICIAL WAS SO AFFIRMATIVELY WRONG AND SO GROSSLY NEGLIGENT THAT IT WOULD BE UNEQUINACALLY INCONSISTANT WITH THE

THE PETITIONER WAS EXTRADITED / TRANSFERRED, THROUGH NO FAULT OF HIS OWN AND INVOLUNTARILY TO A PRIVATE PRISON IN THE STATE OF LOUISIANA TO THE CARE OF CUTODY AND CONTROL OF GARY COPE. DISTRICT WARDEN FOR LCS CORRECTION SERVICE INC, A PRIVATE CORRECTIONAL SERVICES CORPORATION, WHICH EFFECTIVELY TERMINATED AND EXPIRED THE PETITIONER SENTENCE, AS IT PERTAINS TO THE PHYSICAL CUSTODY AND INCARCERATION OF THE PETITIONER, IMPOSED BY THE COURT, THE CIRCUIT COURT OF ALABAMA ARE VESTED ONLY WITH POWER TO SENTENCE DEFENDANT TO INCARCERATION ON PRISON PHYSICALLY LOCATED WITHIN THE STATE OF ALABAMA, THEREFORE WHEN THE PETITIONER WAS EXTRADITED / TRANSFERRED TO A PRIVATE OUTSIDE THE JURISDICTION OF THE STATE ALABAMA TO SERVE HIS ALABAMA SENTENCE INPOSED BY THE COURT, THE ALABAMA DEPARTMENT OF CORRECTIONS WHO HAD CUSTODY AND CONTROL OF THE PETITIONER, ACTUALLY, EFFECTIVELY. AND LAWFULLY CAUSED THE TERMINATION AND EXPIRATION OF THE PETITIONER PHYSICALLY CUSTODY INCARCERATION SENTENCE IN THE ALABAMA PRISON SYSTEM, THEREFORE, THE PETITIONER IS BEING HELD IN CUSTODY AFTER HIS SENTENCE HAS EXPIRED, IN ADDITION, THE ALABAMA DEPARTMENT OF CORRECTION, BEING A STATE AGENCIES, HAVE NO JURISDICTION OR POWER OUTSIDE THE STATE THE STATE OF ALABAMA COMPARE, HUGES V, WHITE 1995 U,S, DIST, LEXIS 932 (11th cir, 1995) ALABAMA DEPARTMENT OF CORRECTION, END OF SENTENCE INMATE WILBURN E, HUGES SENTENCE IN THE ALABAMA PRISON SYSTEM WHEN THE INMATE WAS TRANSFERRED TO ORGEN,

THE PETITIONER CITED AUTHORITY HUGES V, WHITE IN WHICH AN ALABAMA INMATE WAS TRANSFERRED TO ORGEN AND THE ALABAMA DEPARTMENT OF CORRECTION HAD TO TERMINATE HIS SENTENCE IN ORDER FOR THE INMATE TO CROSS THE STATE OF ALABAMA BORDER, EFFECTIVELY TERMINED HIS SENTENCE, THE PETITIONER AASERTS THAT PURSUANT TO ALABAMA CASE LAW HE CANNOT POSSIBLE BE SERVING HIS ALABAMA SENTENCE IN LOUISIANA, SEE BOUTWELL V, NAGLE, 861 F,2d 1530, (CA, 11,1988), IN WHICH THE COURT HELD BY IMPLICATION THE ALABAMA LEGISLATURE DOES NOT INTEND TO CREDITED TIME SPENT IN PRISON OUTSIDE THE STATE 861 F,2d at 1532, THEREFORE IT IS POSSIBLE FOR THE PETITIONER TO BE SERCING HIS ALABAMA SENTENCE IN THE STATE OF LOUISIANA, MOREEVER, THE TRANSFERRING OF THE PETITIONER TO LOUISIANA TO SERVE HIS ALABAMA SENTENCE IS A VIOLATION OF ARTICLE 1,30, OF THE ALABAMA CONSTITUTION WHICH PROVIDED INTER, ALIA, THAT NO CITZEN SHALL BE EXILED, IN ESSENCE THE PETITIONER WAS BANISHED SEE WAERREN V, STATE 706, so,2d 1316,1317, (ALA,CR,APP, 1997) BROWN V, STATE 660 so,2d 235 (ALA, CRIM, APP, 1995).

THE COURT ALSO STATED THAT IT WAS NOT FACTUALLY POSSIBLE FOR THE PETITIONER TO HAVE SERVED A 20 YEARS SENTENCE IN 8 AND HALF YEARS, HOWEVER THIS IS ALSO INCORRECT SINCE THE PETITIONER WAS BANISHED FROM THE STATE OF ALABAMA HIS ALABAMA SENTENCE ENDED AT THAT POINT IF THIS COURT RULES THAT HE IS SERVING HIS ALABAMA SENTENCE IN THE STATE OF LOUISIANA, THEN THE SENTENCE BECOME ILLEGAL,

(A) PURSUANT TO CASE LAW IN NAGLE, SUPRA, THE PETITIONER CANNOT LEGALLY GET TIME CREDITED FOR THE TIME SPENT IN PRISON OUTSIDE THE STATE OF ALABAMA, (B) THE ALABAMA DEPARTMENT OF CORRECTION EXCEED THE POWER, VESTED IN IT BY STATE STATUEM BY USURPING THE ROLE OF THE JUDICIANY BY IMPOSING AND ADDITIONAL PUNISHMENT NOT AUTHORIZED BY STATUTE BY BANSHING THE PETITIONER FROM THE STATE OF ALABAMA SEE FERGUSON V, STATE 565 so,2d 1172,1173, ALA, CRIM, APP, 1990) HOLDING THAT AN ILLEGAL SENTENCE IS FURTHER MORE THE STATE OF ALABAMA WAIVED ITS JURISDICTION OVER THE PETITIONER BY THE ACTION OF ITS AGENCY, THE ALABAMA DEPARTMENT OF CORRECTION WHEN IT ENTERED INTO A UNCONSTITUTIONAL CONTRACT WITH L.C.S. CORRECTIONS SERVICE, INC, TO TRANSPORT AND TO HAVE CUSTODY OF THE PETITIONER SEE SHIELD V, BETO 370 F,2d 1003, (1967) CA, 5th cir, "THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT REQUIRES THAT ACTION BY THE STATE THROUGH ANY OF ITS AGENCIES MUST BE CONSISTENT WITH THE FUNDAMENTAL PRINCIPLES OF LIBERTY AND JUSTICE" QUOTING BUCHALTER V, PEOPLE OF THE STATE OF NEW YORK 319,u,s,427,63, s,ct, 1129,87,L.ed 1492 (1943). IT EXACT FROM THE STATE A CONCEPTION OF FUNDAMENTAL JUSTICE, QUOTING FOSTER V, PEOPLE OF THE STATE OF ILLINOIS, 332, u,s, 134,67,s,ct, 1716,91, L,ed 1995) 1947) IN THE INSTANT CASE, AS IN SHIELD SUPRA THE TRANSFERRING OF THE PETITIONER TO PRIVATE PRISON OUTSIDE THE STATE OF ALABAMA RESULTED IN A WAIVER OF JURISDICTION OVER THE PETITIONER AND THE CONDUCT OF THE STATE OFFICIALS WAS SO AFFIRMATIVELY WRONG AND SO GROSSLY NEGLIENT THAT IT WOULD BE UNEQUINACALLY INCONSISTANT WITH THE FUNDAMENTAL

PRINCIPLES OF LIBERTY AND JUSTICE TO REQUIRE A LEGAL OR ILLEGAL SENTENCE TO BE SERVED IN THE AFTERMATH OF SUCH ACTION SEE PIPER V, ESTELL 485 F,2d, 245, 246,5th cir. 1973).

PURSUANT TO THE HOLDING IN EXPARTE BOATWRIGHT 471, so,2d 1257 (ALA, 1975) IN THAT IT CONTAINED MATTER AND ALLEGATION WHICH ENTITILED THE PETITIONER TO RELIEF AND POPULUS V, STATE 51 ALA, APP, 166,283, so,2d 617 (1973).

WHEREFORE PETITIONER PRAYS THIS HONORABLE COURT FOR AN EVIDENTIARY HEARING ON THE ABOVE PROCEEDING AND TO ISSUES A SHOW CAUSE ORDER COPELLING WARDEN GARY COPES TO PRODUCE THE PETITIONER, AND TO STATE HIS AUTHORITY FOR PETITIONER CUSTODY AND CONFINEMENT THJE CLERK OF THE COURT IS REQUESTED TO SERVE THESE PROCEEDING UPON THE RESPONDENTS,

RESPECTFULLY. SUBMITTED

*Leander Calhoun*

IN THE UNITED STATES DISTRICT COURT OF MONTGOMERY, ALABAMA

CASE NO: 2:07cv 375-WHA

BY CLERK

Leander Calhoun #198389

PETITIONER PRO-SE

VS,

WARDEN GARY COPE, L.C.S. CORR, SERVICE INC,

GOVERNOR BOB RILEY, STATE CAPTIAL HOUSE

RICHARD F, ALLEN, COMMISSIONER, A,D,O,C,

ATTORNEY GENERAL OFFICE-TROY KING

RESPONDENTS

ORDER TO SHOW CAUSE

CONSIDERING THE FOREGOING ALLEGATION OF PETITION FOR WRIT OF HABEAS CORPUS, IT IS ORDER, ADJUDGED AND DECREED THAT THE ABOVE RESPONDENTS Warden Gary Copes, Governor Bob Riley, Richard F. Allen, Attorney General Troy King SHOW CAUSE BEFORE ME IN COURT ROOM _____ UNITED STATES DISTRICT COURT OF MONTGOMERY ALABAMA ON THE _____ DAY OF _____ 2007, AT _____ (AM)(PM) WHY HE SHOULD NOT BE DEPRIVE OF THE CUSTODY OF Leander Calhoun,

DONE THIS _____ DAY OF _____ 2007

IN THE UNITED STATES DISTRICT COURT OF MONTGOMERY, ALABAMA

CASE NO: 2:07cv375-WHA

BY CLERK

PETITIONER PRO-SE

VS,

WARDEN GARY COPE, L.C.S. SERVICE INC,

GOVERNOR BOB RILEY, STATE CAPTIAL HOUSE

RICHARD F, ALLEN, COMMISSIONER, A.D.O.C.

ATTORNEY GENERAL OFFICE - TROY KING

RESPONDENTS,

ORDER ISSUING WRIT OF A HABEAS CORPUS

CONSIDERING, THE FOREGOING IT, IS ORDER THAT THE WIRT OF HABEAS CORPUS ISSUE HEREIN COMMANDING WARDEN GARY COPE TO PRODUCE Leander Calhoun BEFORE THIS COURT ON THE _____ DAY ____ OF _____ 2007,. AT _____ (AM)(PM) TO STATE HIS AUTHORITY WHY HE SHOULD NOT DEPRIVE IF CUSTODY OF Calhoun,

DONE THIS _____ DAY OF _____ 2007,

## RELIEF SOUGHT

WHEREFORE THE PERMISES CONSIDERED, THE PETITIONER PRAY THIS HONORABLE COURT FOR AN EVIDENTIARY HEARING, AND THE PETITIONER IS ENTITILED TO HIS IMEADIATE RELEASE FROM THIS COURT,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS ___30___ DAY OF _April_ 2007, THAT, I HAVE SERVED A COPY OF THE FOREGOING TO THE BELOW STAE PERSON WITH INTEREST IN THIS CASE, BY PLACING THE SAME IN THE UNITED STATES MAIL POSTAGE PRE PAID FIRST CLASS AND PROPERLY ADDRESSED TO THEM.

| | |
|---|---|
| OFFICE OF THE CLERK<br>UNITED STATES DISTRICT COURT<br>P.O. BOX 711<br>MONTGOMERY, AL, 36101-0711 | WARDEN GARY COPE<br>LCS CORR, SERVICE<br>3843 STAGG AVENUE<br>BASILE, LA, 70515 |
| GOVERNOR BOB RILEY<br>STATE CAPTIAL HOUSE<br>600 DEXTER AVENUE<br>MONTGOMERY AL, 36130 | RICHARD F, ALLEN COMM.<br>ALA, DEPT, OF, CORR,<br>1400 LIOYD STREET<br>MONTGOMERY, AL, 36107 |
| ATTORNEY GENERAL OFFICE<br>TROY KING<br>11-SOUTH UNION STREET<br>MONTGOMERY, AL, 36130-0152 | |

_Leander Calhoun_




LEGAL Mail

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

Leander Calhoun
A# 198389 - BearCat-4-Bed-34
S.L.C.C.
3843 Stagg Avenue
Basile, La. 70515

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the contents."