IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEANDER CALHOUN, #198389, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 2:07-CV-375-WHA
) [WO]
)
GARY COPES - WARDEN, )
LOUISIANA CORRECTIONAL )
CENTER, et al., )
)
Respondents. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Leander Calhoun ["Calhoun"], an Alabama inmate presently confined at the Southern Louisiana Correctional Center in Basile, Louisiana.[1] In this petition, Calhoun argues he is "illegally confined at South Louisiana Corrections Center ... [because his] surrender by the State of Alabama to the custody of warden Gary Cope [in Louisiana] ... resulted in a pardon and end of sentence...." *Petition for Writ of Habeas Corpus Relief* - *Court Doc. No. 1* at 4.

**DISCUSSION**

The law is well settled that a 28 U.S.C. § 2241 petition for habeas corpus relief

[1]The Southern Louisiana Correctional Center is a correctional facility operated by a private corporation to which the Alabama Department of Corrections has transferred inmates for imprisonment.

which challenges the constitutionality of an inmate's current confinement must be filed in the district court in which the petitioner is incarcerated. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ ... is directed to ... [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439-440 (1867)).
>
> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement--"core challenges"-- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not ... some other remote supervisory official.

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 2717-2718 (2004). The Court reaffirmed that "in challenges to present physical confinement, ... the immediate custodian,

not a supervisory official who exercises legal control, is the proper respondent." 524 U.S. at 439, 124 S.Ct. at 2720.

Calhoun is presently incarcerated at the Southern Louisiana Correctional Center in Basile, Louisiana. This correctional facility is located within the jurisdiction of the United States District Court for the Western District of Louisiana. "District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' *Braden*, 410 U.S., at 495, 93 S.Ct. 1123.... Congress added the limiting clause--'within their respective jurisdictions'-- to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.' *Carbo v. United States*, 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.' *Id*. at 618, 81 S.Ct. 338." *Rumsfeld*, 542 U.S. at 442, 124 S.Ct. at 2722. This court therefore lacks jurisdiction to consider the habeas corpus petition filed by Calhoun. However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Western District of Louisiana for review and determination.[2]

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Western District of Louisiana pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that on or before May 28, 2007 the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see*

[2]The transfer of this case should not in any way be construed as a consideration of the merits of the petitioner's claims for relief.

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

DONE, this 14th day of May, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE